# Court of Appeals
# of the State of Georgia

ATLANTA, _July 13, 2026_

*The Court of Appeals hereby passes the following order:*

**A26A2414. DARYL BAPTISTE v. THE STATE.**

In 1994, Daryl Baptiste was indicted for armed robbery and other crimes. In October 1996, the trial court entered an order of nolle prosequi in the case, noting that Baptiste had been re-indicted earlier that year for crimes relating to the same incident. Baptiste ultimately pled guilty to two counts of aggravated assault and two counts of false imprisonment. The trial court denied Baptiste's subsequent motion to withdraw his guilty plea, and we affirmed that ruling on appeal. *Baptiste v. State*, 229 Ga. App. 691 (494 SE2d 530) (1997).

Since then, Baptiste has tried multiple times, without success, to challenge the nolle prosequi order in this Court.[1] In Case No. A23A0216, we dismissed Baptiste's appeal from the trial court's rejection of various challenges to the nolle prosequi order, explaining that he failed to present "a cognizable basis for an appeal." (Sept. 14, 2022). We cited *McIntyre v. State*, 189 Ga. App. 764, 764(1) (377 SE2d 532) (1989), in which we held that "[a] nolle prosequi pursuant to OCGA § 17-8-3 may be entered without the consent of the accused at any time prior to the attachment of jeopardy." See also *Popoola v. State*, 198 Ga. App. 324, 325 (401 SE2d 344) (1991) (defendant could not appeal order of nolle prosequi "as entry of a nolle prosequi may be made without the defendant's consent prior to the attachment of jeopardy"). Soon thereafter, we dismissed another effort by Baptiste to appeal the nolle prosequi order,

---

[1] Baptiste maintains that the disposition of the 1994 charges barred the 1996 re-indictment.

finding that the appeal was both untimely and barred by res judicata. See Case No. A23A0753 (June 8, 2023). In 2025, Baptiste filed a motion for an out-of-time appeal from the nolle prosequi order. The trial court dismissed the motion, and Baptiste appeals again.

"It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court." *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (citation and punctuation omitted). Our dismissals of Case Nos. A23A0216 and A23A0753 bar Baptiste's continuing efforts to seek an appeal of the nolle prosequi order. See *Howard v. State*, 289 Ga. 207, 207(1) (710 SE2d 761) (2011) (defendant "cannot re-litigate here the same issues that were dismissed in his prior appeals"). Simply stated, Baptiste is not entitled to "another bite at the apple." *Canty v. State*, 379 Ga. App. 13, 14 (927 SE2d 560) (2026).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __07/13/2026_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*